**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| JOHN DOE, | |
| Plaintiff, | |
| v. | Civil Action No. 2:26-cv-860 |
| ADVOCATE AURORA HEALTH, INC. GROUP HEALTH BENEFIT PLAN, | |
| Defendant. | |

**MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM
AND TO FILE LOCAL RULE 7.1 DISCLOSURE STATEMENT UNDER SEAL**

Plaintiff John Doe, as an individual and on behalf of his minor child L.C. hereby move the court to grant him permission to proceed under pseudonym and to file his Local Rule 7.1 Disclosure Statement under seal. In support of his motion, Plaintiff states as follows:

I.      Introduction and Summary of Facts

This is an ERISA case filed by Plaintiff John Doe to recover health benefits for his minor daughter's residential treatment for severe mental illnesses. Plaintiff John Doe is a participant in an employee health benefit plan (the "Plan") provided by his employer, pursuant to which his dependent child, identified by her initials L.C., is a covered dependent.

Plaintiff seeks to proceed in this action anonymously under a pseudonym ("John Doe"), and his minor daughter with the initials L.C. to protect the confidentiality of L.C.'s severe mental illnesses and treatment and to comply with Federal Rule of Civil Procedure 5.2 which requires that minors are identified by their initials in pleadings.

1

It would defeat the protections of Fed. R. Civ. P. 5.2(a) – which requires that minor children be referred to only by their initials in federal court litigation – if Plaintiff's name was disclosed publicly because his name would inevitably reveal L.C.'s identity.

II.     Plaintiff Satisfies the Standard for Proceeding Under a Pseudonym

Plaintiff's case meets the standard of proceeding under a pseudonym because this is an exceptional case involving matters of a highly sensitive and personal nature which outweigh the public's interest in access to this legal proceeding. *Femedeer v. Haun,* 227 F.3d 1244, 1246 (10th Cir. 2000) (*quoting Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). The harm to Plaintiff from disclosing his identity exceeds the likely harm from concealment and he can thereby rebut the presumption that his identity is public information. *Doe ex. rel. Doe v. Elmbrook School District*, 658 F.3d 710, 721-724 (7th Cir. 2011) (permitting adults to proceed anonymously because identification of parents posed a risk of retaliatory mental health harm to minor), *cited in Perry L. v. Milwaukee Montessori School,* No. 22-CV-1244-BHL, 2022 U.S. Dist. LEXIS 228402, at *2 (E.D. Wis. Dec. 20, 2022) (naming parents would make child readily identifiable).

Plaintiff's concurrently filed Complaint details L.C.'s severe mental illnesses which are central to this case. Plaintiff seeks health benefits from Defendant for L.C.'s residential treatment for severe mental illnesses including major depressive disorder, generalized anxiety disorder, and obsessive compulsive behaviors. She remains in residential treatment at the time of this filing. This case will involve substantial and detailed discussion of L.C.'s severe mental illnesses and behaviors, examples of which include: verbal and physical aggression and altercations with family members, staff, and peers, and obsessive handwashing causing skin infections. L.C. is currently in residential treatment and her condition has not yet progressed sufficiently for discharge. As such, public identification of L.C. through her father's name would risk her suffering a relapse and

undoing her progress in residential treatment over the past year. Plaintiff has a strong interest in protecting his daughter's identity based on the mental health struggles she has endured.

Plaintiff and his daughter L.C. reside in a small, community in rural Wisconsin where anonymity is difficult to maintain and Plaintiff is a well-known member in community. Public disclosure of Plaintiff's identity would effectively identify his minor daughter and unwillingly expose her severe mental health conditions and residential treatment to their small community. The stigma associated with psychiatric diagnoses and residential treatment would cause irreparable harm to her social, education, and community connections at a critical stage of her development.

There is no public interest in the identity of the patient suffering from these behaviors. The actual identity of Plaintiff and L.C. are "of minimal value to the public." *Doe v. Purdue Univ.*, 321 F.R.D. 339, 342-343 (N.D. Ind. 2017) (citing *Doe v. Univ. of Montana*, No. CV 12-77, 2012 WL 2416481 (D. Mont. June 26, 2012) (unsealing the case but maintaining plaintiff and accuser's anonymity through the use of pseudonyms, finding "that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names"). Defendant is not prejudiced by Plaintiff proceeding anonymously as Plaintiff will provide his identity to Defendant.

As a minor child and pursuant to Federal Rule of Civil Procedure 5.2(a), L.C. may only be referred to by her initials in any filing in this Court. If Plaintiff's name is revealed in public filings, it will defeat the purpose of the protections for L.C. provided Rule 5.2(a). Courts have permitted an ERISA plaintiff to proceed under a pseudonym where the case medical care was received a minor. *M.F. on behalf of R.L. v. Magellan Healthcare Inc.*, No. 20 CV 3928, 2021 WL 1121042, at *1 (N.D. Ill. Mar. 24, 2021) ("Naming one or both of R.L.'s parents risks revealing R.L.'s identity, so to protect R.L.'s privacy, *see* Fed. R. Civ. P. 5.2(a)(3), the use of M.F.'s and P.L.'s

3

initials is justified in this case."); *S.F. v. Cigna Health & Life Ins. Co.*, No. 1:22-CV-00068, 2025 WL 2374404, at *1, fn 13 (D. Utah Aug. 14, 2025) (citing *Tony M. v. United Healthcare Ins.*, No. 2:19-cv-00165, 2025 WL 357724, at *2 (D. Utah Jan. 31, 2025) (unpublished) (permitting ERISA plaintiff to proceed pseudonymously where the case related to medical care the plaintiff received as a minor); *Doe v. USD No. 237*, No. 16-cv-2801, 2017 WL 3839416, at *11 (D. Kan. Sept. 1, 2017) (unpublished) ("The fact that Doe was a minor at all times material to the allegations of the complaint is at the forefront of the Court's analysis [of whether the plaintiff could proceed pseudonymously]."); *P.M. v. Evans-Brant Cent. Sch. Dist.*, No. 08 Civ. 168A, 2008 WL 4379490, at *3 (W.D.N.Y. Sept. 22, 2008) ("[s]ince a parent must proceed on behalf of a minor child, the protection afforded to the minor would be eviscerated unless the parent was also permitted to proceed using initials." Similarly, Plaintiff's minor child's protection would be eviscerated if her father's identity was revealed. *Doe v. Deloitte LLP Grp. Ins. Plan*, 2023 WL 3993758 (S.D.N.Y. June 13, 2023).

III.     Conclusion

For the foregoing reasons, Plaintiff requests permission to proceed in this litigation under a pseudonym and to file under seal his Local Rule 7.1 Disclosure Statement as it serves the public interest and maintains L.C.'s privacy rights as required by the Federal Rules of Civil Procedure.

Dated: May 14, 2026                                     GREEN HEALTH LAW, APC

                                    By:     */s/ Elizabeth K. Green*
                                            Elizabeth K. Green
                                            WI/CA 199634
                                            Attorney for Plaintiff John Doe
                                            Green Health Law, APC
                                            201 N. Brand Blvd., Suite 200
                                            Glendale, CA 91203
                                            Telephone: (818) 722-1164

4

E-mail: egreen@greenhealthlaw.com

LISA SEREBIN LAW

By: /s/ Lisa S. Serebin
Lisa S. Serebin
WI Bar 1000255
Attorney for Plaintiff John Doe
Lisa Serebin Law
100 Pine Street, Suite 1250
San Francisco, CA 94111
Tel: 415-335-6210
E-mail: lisa@lisaserebinlaw.com

Attorneys for Plaintiff
John Doe